817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David ROSENBERG, Plaintiff-Appellant,
v.
COMERICA BANK and Patrick J. Farrell, Defendants-Appellees.
 No. 86-1273.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1987.
 
 On Appeal from the United States District Court for the Western District of Michigan.
 Before RYAN and BOGGS, Circuit Judges, and BROWN, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Superior Metal Shredders (SMS), of which David Rosenberg was president and owner, filed for bankruptcy in 1980. In this bankruptcy proceeding, the assets Of the corporation were eventually sold under court order in November of 1985. Rosenberg has made a variety of efforts to prevent and then undo this sale of assets, culminating in this appeal. Finding his contentions on appeal to be moot or without merit, we affirm the decisions below confirming the sale and refusing to interfere with the transfer of property and the distribution of proceeds by the bankruptcy court.
 
 
 2
 * SMS filed a petition for Chapter 11 bankruptcy in 1980. The bankruptcy was converted to Chapter 7 in October 1984. In February 1985 the Trustee abandoned the assets of SMS, which reverted without objection to SMS and thus to Rosenberg.
 
 
 3
 On April 30, 1985, appellee, Comerica Bank, a creditor of SMS, filed an adversary proceeding to set aside the abandonment, determine the extent of the bankrupt corporation's assets, and require that the assets be sold. The bankruptcy court conducted an initial hearing and set aside the abandonment, then reconsidered its order upon its own motion. After another hearing, the court affirmed its earlier order and on August 6, 1985 ordered the abandonment set aside. On August 20, Rosenberg filed an "objection" to the August 6 order.[1]
 
 
 4
 On October 2, the court entered an order directing the sale of the assets on October 11. On October 8, Rosenberg filed a notice of appeal from the August 6 order to the district court. He also moved both the bankruptcy court and the district court for a stay of the sale of assets. On October 10 the bankruptcy court entered an order denying the "objection," adjourned the sale until November 8, and entered an order to show cause by November 8 why the sale should not take place.
 
 
 5
 On October 30 and 31, the bankruptcy court conducted a trial of the adversary proceeding to determine the parties' interests in the assets to be sold. On November 1, the bankruptcy court entered its findings that Comerica held a valid perfected security interest in SMS's tangible assets, a lien in other assets owned by Rosenberg, and a valid perfected mortgage on certain real property owned by Rosenberg, and denied Rosenberg's motion for a stay of the sale pending appeal. On November 7, the district court denied his motion for stay and dismissed his appeal from the bankruptcy court's decision on the ground that the "objection" to the August 6 order was not timely filed pursuant to Bankruptcy Rule 9006, and, in the alternative, on the ground that the bankruptcy court's decision was not clearly erroneous. Rosenberg does not now appeal the dismissal of this first appeal.
 
 
 6
 On November 8, Comerica Bank purchased the bankrupt corporation's assets for $500,000. That sale was confirmed by the bankruptcy court in its order of November 15. On November 12, Rosenberg filed a second appeal with the district court, and moved the bankruptcy court to restrain Comerica from removing or selling any assets pending appeal. The bankruptcy court denied the later motion from the bench on January 31, 1986, holding that Comerica held a greater likelihood of success on the merits than did Rosenberg, and would be irreparably harmed if a stay were granted.
 
 
 7
 The district court heard Rosenberg's second appeal on February 10, 1986. The district court determined that all but one of the issues raised in the second appeal had been adjudicated in the first appeal, and were therefore res to the second appeal. Only the issue of whether the sale of assets should be stayed pending appeal was not resolved in the first appeal, as the sale had not been consummated at that time. The district court held that, as Rosenberg had failed to obtain a stay of the sale, the property transfer became final, making the appeal of the sale moot. Thus, the district court denied the' stay and dismissed the second appeal on February 10. Rosenberg has filed a notice of appeal to this court and now moves this court for a stay of the distribution of money by the bankruptcy court pending his appeal.
 
 II
 
 8
 We agree with the district court that the overwhelming majority of the issues raised in the second appeal were barred by res judicata. Rosenberg's failure to obtain a stay of the November 8, 1985 sale of assets is fatal to the only remaining issue in his appeal of the district court's February 10, 1986 disposition of his second appeal. Section 363 (m) of the Bankruptcy Code, 11 U.S.C. Sec. 363 (m), provides that a reversal or modification on appeal of a sale of property does not affect the validity of a sale to a good faith purchaser, unless the sale is stayed pending the appeal. Rosenberg did not obtain a stay of the sale. The record does not reflect that the sale was in bad faith. Thus, regardless of the merits ab initio of Rosenberg's contentions, any challenge to the validity of the stay is moot. The decision of the district court is therefore AFFIRMED.
 
 
 
 [1]
 This "objection" was later held by the district court to be a motion to amend judgment under Rule 59, Fed. R. Civ. P., though filed outside the time allowed for such motion as computed through Bankruptcy Rule 9006